PIGFORD *et al. v.* COULTER.

(Division A. May 15, 1933.)

[148 So. 222. No. 30622.]

Rawls & Hathorn, of Columbia, for appellants.

E. L. Dent, of Collins, for appellee.

**Cook, J.**, delivered the opinion of the court.

This is an appeal from a decree of the chancery court of Lamar county dismissing the executors' contest of a claim probated and filed against the estate of T. E. Salter, deceased, and allowing the claim against said estate.

In August, 1926, the appellee began proceedings in the circuit court of Lamar county to enforce a purchase money lien on certain cattle previously sold to Albert Davis. A writ of seizure was issued and executed, and thereupon the said Albert Davis executed a forthcoming replevin bond, in statutory form, with T. E. Salter as one of the sureties, conditioned to have the said cattle before the court to satisfy the judgment of the court in the action. Before the return day of that cause, T. E. Salter, the surety, died testate, and executors of his will were qualified, and thereupon the appellee probated against the estate of the deceased surety a claim for the purchase price of the cattle. Thereafter the circuit court proceed-

ings were dismissed, the judgment of dismissal reciting that "any and all other differences growing out of this case is to be submitted and determined by the chancery court of Lamar county, Mississippi, in which the plaintiff has a probated claim now pending, and to which the executors of the said T. E. Salter have filed a contest."

The correctness of the decree of the court approving and allowing the claim filed for probate is challenged on numerous grounds, but it will be necessary to consider only one which lies at the threshold of the chancery proceedings. The contingent liability of a surety on a replevin bond is not a probatable claim against the estate of such deceased surety. Savings, B. & L. Ass'n v. Tartt, 81 Miss. 276, 32 So. 115; 24 C. J. 293; Union Trust Company v. Shoemaker, 258 Ill. 564, 101 N. E. 1050.

The decree of the court below will therefore be reversed, and a decree will be entered here disallowing and dismissing the claim.

Reversed, and decree for appellants.